923 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard M. MIKOVITS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 90-3313.
 United States Court of Appeals, Federal Circuit.
 Nov. 26, 1990.
 
 Before RICH, PAULINE NEWMAN and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Richard M. Mikovits appeals from the September 26, 1989 Initial Decision of the Administrative Judge (AJ), Docket No. PHO7528910382, which became the final decision of the Merit Systems Protection Board (Board) when the Board declined review on March 23, 1990. We affirm.
 
 OPINION
 
 2
 We see no reason to determine, in this case, whether an employee can violate leave regulations by taking excessive unscheduled leave which is nonetheless approved by the agency. For in this case, the settlement agreement included two separate provisions, one requiring Mikovits to abide by the local leave regulations, and a second indicating that the earlier letter of removal would be enforced if Mikovits failed to "maintain an acceptable attendance." We agree with the AJ that all absences, approved or not, were to be taken into account in determining whether Mikovits' attendance was acceptable. Not only is such a construction supported by the plain language of the agreement ("all absences, documented or not"), but also by the earlier removal letter which proposed removal based on other unscheduled but approved absences. With this construction in mind, the AJ's finding that Mikovits failed to maintain an acceptable attendance record is supported by substantial evidence.
 
 
 3
 We also find no merit in appellant's contention that the agency has failed to prove that the absences in 1988, which were the subject of the original removal letter, violated leave regulations. The record contains copies of Form 39/1 which show that Mikovits was absent on the days in question, and Mikovits does not contend that he was not absent. There is no need for the agency to establish that each individual absence was a violation of the leave regulations. Instead, these absences are merely further evidence of Mikovits' excessive use of unscheduled leave which, together with his violation of the settlement agreement, support his removal from the postal service.